IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| BOBBY SPIVEY, #144 926,         ) | |
| )                              | |
| Petitioner,                    ) | |
| )                              | |
| v.                             ) | CIVIL ACTION NO.: 3:11-CV-1104-TMH |
| )                              | [WO] |
| WARDEN FREDDIE BUTLER, *et al.*, ) | |
| )                              | |
| Respondents.                   ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner Bobby Spivey on December 15, 2011.[1] On April 13, 2004 Petitioner entered a guilty plea in the Circuit Court for Russell County, Alabama, to two counts of unlawful possession of a controlled sub stance in violation of Ala. Code § 13A-12-212. On May 25, 2004, the trial court sentenced Petitioner, a habitual offender, to serve concurrent terms of twenty years imprisonment. Petitioner's sentences were split and he was ordered to serve an initial twelve months term followed by five years probation with the remainder of the twenty year sentence suspended.[2] Petitioner did not appeal his conviction or sentence.

---

[1] Although the present petition was stamped "filed" in this court on December 23, 2011, an inmate account clerk certified the *in forma pauperis* affidavit submitted with the petition on December 15, 2011. Thus, it is clear that Petitioner had these documents within his possession at such time and, therefore, could not have submitted them to prison officials for mailing prior to December 15, 2011. A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). In light of the foregoing and for purposes of the proceedings herein, the court considers December 15, 2011 as the date of filing.

[2] According to the documents and records before the court, following Petitioner's initial release from custody to serve his five-year probationary term, his probation was revoked on June 24, 2005, and he was

(*See* Doc. Nos. 8, 11).

Petitioner filed the instant federal habeas petition on December 15, 2011. He presents one claim for relief. Specifically, he alleges that his incarceration on a twenty year sentence is illegal because it exceeds the maximum sentence allowable on his conviction for "attempted possession" [of a controlled substance], a class A misdemeanor, which he contends carries a penalty of only one year and which he asserts he fully served. (*See* Doc. No. 1.)

Pursuant to the orders of this court, Respondents filed an answer and supplemental answer to the petition. In their supplemental answer Respondents argue that the instant habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[3] Respondents contend that because Petitioner's convictions became final in July of 2004 -- **after** the effective date of the statute of limitations -- he must have filed his § 2254 petition within a year of these convictions becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts. Respondents maintain that Petitioner failed to file a state post-conviction action challenging his convictions or sentence and, thus, there was no statutory tolling of the limitation period. Accordingly, Petitioner's convictions became final

---

ordered to serve another 90 days in jail, and his probation was extended for an additional twelve months. In the Fall of 2005 Petitioner was once again released on probation. On August 14, 2007, however, Petitioner's probation was again revoked at which time the trial court imposed Petitioner's twenty-year prison sentence. (*Doc. No. 8, Exh. 3*.)

[3] Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

2

on July 6, 2004, and as no Rule 32 petition was filed which operated to toll the limitation period, the latest Petitioner could have filed a timely habeas petition was July 7, 2005. (*Doc. No. 11*.)

Based on Respondents' argument, the court entered an order advising Petitioner that he had failed to file the present federal habeas petition within the one-year limitation period established by 28 U.S.C. § 2241(d)(1). (*Doc. No. 12*.) The order also gave Petitioner an opportunity to show cause why his petition should not be barred from review by this court. (*Id.*) Petitioner has filed no response. Upon review of the pleadings filed by the parties and applicable federal law, the court concludes that the pending § 2254 petition for writ of habeas corpus relief is due to be denied as it was not filed within the one-year period of limitations.

## I. DISCUSSION

*A. Statute of Limitations*

28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expires. Petitioner entered a guilty plea on two counts of unlawful possession of a controlled substance in the Circuit Court for Russell County, Alabama, on April 13, 2004. The trial court imposed sentence on Petitioner on May 25, 2004. Petitioner did not file a direct appeal of his convictions or sentence. Since Petitioner failed to undertake the direct appeal process, he could not petition the United States Supreme Court for review

3

of his convictions. By operation of law, Petitioner's convictions became final on July 6, 2004 -- forty-two days after imposition of sentence as this is the date on which his time to seek direct review expired. *See* Rule 4(b)(1), *Alabama Rules of Appellate Procedure*. The one-year period of limitation contained in section 2244(d)(1)(A), therefore, began to run on this date.

### i. Statutory Tolling

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Petitioner did not file any post-conviction proceeding. Accordingly, the one-year period of limitation began to run on July 6, 2004, forty-two days after imposition of sentence as this is the date on which his time to seek direct review expired. The one-year period of limitation ran uninterrupted until it expired on July 7, 2005. Petitioner filed the instant petition for habeas corpus relief on December 15, 2011 -- more than six years after the limitation period had expired.

### ii. Equitable Tolling

The Supreme Court has determined that the one-year limitation period is subject to equitable tolling when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."

*Holland v. Florida,* __ U.S. __,130 S.Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence."); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Knight v. Schofield,* 292 F.3d 709, 711 (11th Cir. 2002). The diligence required is reasonable diligence, not "maximum feasible diligence", *see Holland*, 130 S.Ct. at 2565, and the extraordinary circumstance prong requires a causal connection between the circumstance and the late filing. *San Martin v. McNeil,* 633 F.3d 1257, 1267 (11th Cir. 2011). "Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District Court,* 128 F.3d 1283, 1288 (9th Cir.1997). Such tolling applies only in truly extraordinary circumstances. *Miller v. New Jersey State Dept. of Corrections,* 145 F.3d 616, 618-619 (3rd Cir. 1998) ("[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.' . . . Generally, this will occur when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.' . . . The petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.' . . . Mere excusable neglect is not sufficient.");

5

*Jones v. United States*, 304 F.3d 1035, 1039-1040 (11th Cir. 2002); *Drew v. Department of Corrections*, 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew*, 297 F.3d at 1286; *see Helton v. Secretary for the Dept. of Corrections*, 259 F.3d 1310, 1313-1314 (11th Cir. 2001).

Here, there is no evidence in the record tending to show that Petitioner's delay in filing the instant § 2254 petition was the result of extraordinary circumstances that were both beyond his control and unavoidable with the exercise of diligence. Thus, this court "cannot say that [Petitioner] has acted with the 'conscience, good faith, and reasonable diligence' necessary 'to call into action the powers of the court.' This conclusion is based on the longstanding, firmly rooted principle that a court cannot grant equitable tolling unless it is satisfied that the party seeking such relief has acted with diligence." *Drew*, 297 F.3d at 1291 n.5. Consequently, Petitioner is not entitled to equitable tolling of the limitation period as he has shown neither extraordinary circumstances nor the diligence necessary to equitably toll the statute. Moreover, no basis exists for statutory tolling.

Petitioner filed the instant petition for federal habeas corpus relief on December 15, 2011. Under the facts of this case, the time allowed Petitioner for filing a federal habeas petition expired on July 7, 2005. The limitation period, therefore, lapsed more than one year prior to Petitioner filing this federal habeas action, and he has failed to demonstrate that his petition should not be dismissed as untimely filed.

## II. CONCLUSION

In light of the foregoing, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Bobby Lee Spivey be DENIED and DISMISSED with prejudice as time-barred.

It is further

ORDERED that **on or before July 31 , 2013,** the parties may file an objection to the said Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 17th day of July, 2013.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE